UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL WALKER, | **DECISION AND ORDER** |
| Movant, | **Civil Case<br>No. 6:18-cv-06665-MAT** |
| -vs- | **Criminal Case<br>No. 6:04-cr-06082-FPG** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**I.  Introduction**

Proceeding *pro se*, Michael Walker ("Walker" or "Movant") has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 ("§ 2255"), alleging that he is being detained in the custody of respondent, the United States of America ("the Government"), pursuant to an unconstitutionally imposed sentence. For the reasons discussed below, Walker's § 2255 motion is denied.

**II. Factual Background and Procedural History**

On April 29, 2004, Walker appeared with counsel before Hon. David G. Larimer, United States District Judge, waived indictment, and pleaded guilty to a two-count felony information charging him with a violation of 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime) (Count 1) and a violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute five grams or more of cocaine base) (Count 2). On July 28, 2004, Judge Larimer sentenced Walker to consecutive terms of 60 months' imprisonment on Count 1 and 37 months' imprisonment on

Count 2, to followed by concurrent 5-year terms of supervised release on each count.

Walker's supervised release commenced on November 1, 2011.

On November 15, 2012, the Government filed a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender, stating that Walker had violated certain of the standard conditions of release (not associating any persons engaged in criminal activity and not associating with any person convicted of a felony, unless granted permission to do so by his probation officer). Consequently, Walker's conditions of supervised release were modified to include a 9:00 p.m.-to-9:00 a.m. curfew monitored by an electronic monitoring system for a period of one month.

On July 26, 2013, Walker pleaded guilty to possession of a forged instrument and identity theft. This constituted a violation of the mandatory condition of his supervised release that he must not commit another federal, state, or local crime. He was sentenced, on November 8, 2013, to a 21-month term of imprisonment to be followed by three years of supervised release.

On December 5, 2015, Walker again violated the mandatory condition that he shall not commit another federal, state, or local crime while on supervised release, when he was arrested for aggravated unlicensed operation of a motor vehicle. On December 21, 2015, a Petition for Warrant or Summons for Offender Under Supervision was filed. On January 13, 2016, Walker was sentenced to

continuation of the previously imposed three-year term of supervised release. In addition, a non-monitored curfew from 8:00 p.m.-to-6:00 a.m. was imposed for the duration of his supervised release.

On April 25, 2017, a monitored curfew was re-instituted for a period of two months. This modification followed an attempt to make contact with Walker at his home on November 29, 2016, at 9:00 p.m., after his required curfew time; however, there was no answer at the door, nor any answer on his phone. At a meeting with the United States Probation Office ("USPO") on December 5, 2016, Walker admitted to not being home. He was advised that if he committed any new curfew violations, USPO would notify the Court.

On April 4, 2017, USPO discovered that Walker had moved from his approved address without authorization, in violation of the location-monitoring terms and conditions of his release agreement. In addition, Walker had failed to maintain employment or make regular fine payments, and he had tested positive for cocaine on June 10, 2016.

On July 26, 2017, Walker violated the standard supervised release condition that he not commit another federal, state, or local crime. During a search conducted by USPO at Walker's residence, 10 grams of a substance suspected to crack cocaine, packaged for distribution, were discovered inside Walker's jacket. He pleaded guilty to that offense October 23, 2017. On July 6,

2017, Walker also violated the standard condition that he not commit another federal, state, or local crime when he was observed driving a vehicle while his license was suspended.

On November 9, 2017, Walker was arrested and charged with unauthorized use of vehicle, without the owner's consent, after the owner of the vehicle reported it stolen.

As a result of these violations, on February 12, 2018, the Court (Geraci, D.J.) sentenced Walker to 51 months' imprisonment with no term of supervised release.

On September 17, 2018, Walker filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 101), claiming that his most recent 51-month term of imprisonment for a violation of supervised release exceeded that authorized by law. In response, the Government filed a Motion to Dismiss (Docket No. 103). Walker did not file a reply. For the reasons discussed below, the Court finds that relief under § 2255 is unwarranted. Accordingly, Walker's motion is dismissed.

**III. Standard Under § 2255**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be
released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a § 2255 motion without a hearing if the motion and the record "conclusively show[,]" *id.*, that the movant is not entitled to relief. *E.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).

**IV. Discussion**

Walker contends that his most recent sentence for violating the conditions of his supervised release agreement, the 51-month term of imprisonment imposed by Judge Geraci on February 12, 2018, exceeds the maximum sentence allowed by law which, according to Walker, is three years' supervised release. *See* Docket No. 101, § II.A. Walker notes that his initial sentence on July 28, 2004, included a 5-year term of supervised release. On November 8, 2013, his supervised release (which he refers to as "SOR") was revoked, and he was sentenced to 21 months' incarceration to be followed by 3 years of supervised release. *See* Docket No. 101, p. 3 (citing Exhibit A (Printout of Commitment Data and Judgment). Walker asserts that "[t]he plain-error here is that in no document drafted by the court, except the initial sentence does it impose 5 years of [supervised release]," while in regard to his "latter violations, i.e. a three-years of [supervised release] was imposed by this court." Docket No. 101, p. 3. Walker contends that the 51 months'

imprisonment shocks the conscience and violates his substantive due process rights under the Fifth and Fourteenth Amendments. *See id.*

The Government characterizes Walker's argument as follows: Because his November 2013 supervised release revocation resulted in a sentence of 21 months' imprisonment plus 3 years' supervised release, the sentence on his most recent revocation must be capped at 36 months (or 3 years). *See* Docket No. 101, p. 4. The Government asserts that Walker's premise is incorrect, for the maximum term of imprisonment for any supervised release violation is based on the nature of the original convictions.

Title 18, United States Code § 3583(e)(3) provides in relevant part that "the court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation* more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony,

more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case. . . ." 18 U.S.C. § 3583(e)(3) (emphasis added). "This language reflects a 2003 amendment included in the PROTECT Act,[1] in which Congress added the phrase 'on any such revocation' after the phrase 'required to serve.'" *United States v. Epstein*, 620 F.3d 76, 79 (2d Cir. 2010) (*per curiam*) (quoting Pub. L. 108-21, § 101(1), 117 Stat. 650 (codified as amended at 18 U.S.C. § 3583(e)(3) (2006)). There were no other changes to 18 U.S.C. § 3583(e)(3) effected by the PROTECT Act. *Id.*

In *Epstein*, the Second Circuit agreed with every Court of Appeals to have considered the issue that this amendment to 18 U.S.C. § 3583(e)(3) "eliminate[d] the credit for terms of imprisonment resulting from prior revocations[,]" *Epstein*, 620 F.3d at 80 (collecting cases), and "that the statutory maximum sentences in § 3583(e)(3) apply to each discrete revocation of a defendant's supervised release, irrespective of any time served for previous violations." *Id.*

Here, as the Government notes, Walker's original conviction included a violation of 18 U.S.C. § 924(c)(1), a Class A felony,

---

[1] Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. 108-21, § 101, 117 Stat. 650, 651 (2003).

for which Walker received a 5-year term of supervised release, the maximum term of supervised release possible. *E.g.*, *United States v. Ortiz*, 779 F.3d 176, 179 (2d Cir. 2015). Furthermore, 18 U.S.C. § 3583(h) explicitly provides that the "supervised release shall not exceed the term of supervised release *authorized by statute for the offense that resulted in the original term of supervised release*." 18 U.S.C. § 3583(h) (emphasis supplied).

As Walker was convicted of a Class A felony and originally sentenced to 5 years of supervised release, the statute allowed the District Court to impose up to 5 years (or 60 months) of imprisonment for each violation of supervised release. Thus, Walker's sentence of 51 months' imprisonment did not exceed that allowed by 18 U.S.C. § 3583(e)(3). Contrary to Walker's contention, there was no plain error in the formulation of his sentence for the most recent violation of his term of supervised release. *See United States v. Mizwa*, No. 17-1909, ___ F. App'x ___, 2019 WL 410269, at *2 (3d Cir. Jan. 31, 2019) (district court did not commit plain error in imposing a 60-month term of supervised release as part of the sentence imposed upon the third revocation of defendant's supervised release, even though defendant's original sentence included a 60-month term of supervised release and the two prior revocations of his supervised release resulted in 49 months of cumulative imprisonment; statute governing supervised release following revocation required prior terms of imprisonment to be

subtracted from the maximum term of supervised release that could originally have been imposed, rather than from the term that was actually imposed, and maximum term of supervised relief defendant could originally have received was life).

Walker also asserts that his right to substantive due process under the Fifth Amendment was violated by the length of his sentence. "[T]he Supreme Court has emphasized that 'only the most egregious official conduct'—that which 'shocks the conscience'—'can be said to be arbitrary in the constitutional sense,'" *Hurd v. D.C., Gov't*, 864 F.3d 671, 688 (D.C. Cir. 2017) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). The Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of governmental behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). It would seem that in the instant case, which challenges the length of a sentence imprisonment, the Eighth Amendment provides such an "explicit textual source of constitutional protection." *See United States v. Sampson*, 275 F. Supp.2d 49, 66 (D. Mass. 2003) (substantive due process challenge to Federal Death Penalty Act more appropriately analyzed under Eighth Amendment). Nonetheless, as the district court observed in *Sampson*, the Supreme Court

"essentially treats the Eighth Amendment and substantive due process standards as interchangeable." *Id.* at 63 (citations omitted). "The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious. . . ." *Hunterson v. DiSabato*, 308 F.3d 236, 246–47 (3d Cir. 2002).

The Court notes that Walker asserts no arbitrariness in the sentence imposed by Judge Geraci. Indeed, he cannot credibly make such an argument because the sentence of 51 months' imprisonment was not unreasonable in light of the relevant facts, namely, that Walker was originally convicted of an offense which carried the possibility of a life-time term of imprisonment; that he repeatedly violated his conditions of supervised release; and that he was unable to refrain from committing crimes while on supervised release. *Compare with United States v. Shifflett*, 715 F. App'x 258, 260–61 (4th Cir. 2017) (unpublished opn.) (on defendant's first violation of supervised release, district court imposed revocation sentence of 41 months' imprisonment and 19 months' supervised release; circuit court found sentence procedurally and substantively reasonable where the maximum authorized sentence for defendant's original sentence, a violation of 18 U.S.C. § 924(c)(1)(A), is life imprisonment, and the § 924(c)(1) conviction is a Class A felony pursuant to 18 U.S.C. § 3559(a)(1), making the

maximum term of incarceration for a violation of supervised release 5 years under 18 U.S.C. § 3583(e)(3)).

**V. Conclusion**

For the reasons discussed above, the § 2255 Motion is denied. Because Walker has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close civil case No. 6:18-cv-06665-MAT.

**SO ORDERED.**

*s/ Michael A. Telesca*

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   May 16, 2019
         Rochester, New York.