UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MICHAEL WALKER,

                Defendant.

Case # 04-CR-6082-FPG

DECISION AND ORDER

On April 29, 2004, Defendant Michael Walker pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime and possession with intent to distribute cocaine base. ECF Nos. 21, 22, 23. Defendant is currently serving a 51-month term of imprisonment as a result of a violation of supervised release. ECF No. 99. On April 27, 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c), arguing that the COVID-19 Pandemic justified a reduction of his sentence. ECF No. 140. For the reasons that follow, Defendant's motion is DENIED.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted). "Section 3582(c)(1)(A) provides one such statutory exception, often referred to as 'compassionate release.'" *Id.* Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." There are several hurdles that a defendant must overcome to obtain relief under this provision. Specifically, a defendant "must show that (1) he has met the [statutory] exhaustion requirement[,] . . . (2) 'extraordinary and compelling reasons' warrant a reduction of his sentence, (3) he is not a danger to others or the community, and (4) a reduction is consistent with the factors set forth in section 3553(a)." *Lucas*, 2020 WL 2059735, at *1. "The defendant has the burden to

1

show he is entitled to a sentence reduction." *United States v. Flores*, No. 17-CR-449, 2020 WL 2907549, at *2 (S.D.N.Y. June 3, 2020).

In this case, Defendant has not demonstrated an "extraordinary and compelling" reason justifying release. The reason that Defendant identifies is his risk of sustaining complications from COVID-19 due to his pre-existing conditions—asthma and diabetes. *See* ECF No. 140 at 1; ECF No. 144 at 1. Nevertheless, according to the BOP, Defendant's facility (FCI Allenwood Low) currently reports no active COVID-19 cases among inmates.[1] Furthermore, Allenwood Low has tested 67 inmates, none of whom has tested positive. *See* note 1, *supra*. Other facilities in the Allenwood Correctional Complex likewise show no signs of COVID-19 transmission, let alone an uncontrolled outbreak. *See* note 1, *supra*. Defendant's criticism of the prison's COVID-19 response is simply not borne out by the data. *See* ECF No. 140 at 5 (alleging that he is in "grave danger" and that prison officials do not care about inmates' health).

As a result, Defendant has not "demonstrate[d] a particularized risk of contracting COVID-19," and the Court is not persuaded that extraordinary and compelling circumstances exist in his case. *United States v. White*, No. 18-CR-61, 2020 WL 3442171, at *5 (E.D. Va. June 23, 2020); *see also United States v. Sattar*, No. 02-CR-395, 2020 WL 3264163, at *4 (S.D.N.Y. June 17, 2020) (rejecting compassionate release motion premised on "speculation that there might be a COVID-19 outbreak" at the inmate's facility and that, "if there is such an outbreak," the facility would be "incapable of handling [it]"). A reasonable inference to draw from the BOP's data is that the measures at Defendant's facility appear to be working and keeping inmates safe. Defendant offers no persuasive reason why the Court should be skeptical of the data or should

---

[1] This data is derived from the BOP's website (https://www.bop.gov/coronavirus/), which was lasted visited on July 23, 2020.

draw a contrary inference.  The Court concurs with other courts that have concluded that the "low-to-nonexistent infection rate at Allenwood" militates against a finding that the circumstances are extraordinary and compelling.  *United States v. Terry*, No. 16-210, 2020 WL 3264086, at *4 (D.N.J. June 17, 2020); *see also United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *5 (E.D. Mich. May 15, 2020); *United States v. Wadley*, No. GJH-16-557, 2020 WL 3893393, at *3 (D. Md. July 10, 2020).

The Court recognizes that Defendant may have some medical conditions that present an additional risk of complications; the Court does not intend to minimize those risks or imply that Defendant's concerns are unreasonable—to the contrary, they are wholly understandable.  But, simply put, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Howard*, No. 04-CR-5234, 2020 WL 3513938, at *3 (E.D. Cal. June 29, 2020).

Accordingly, the Court concludes that Defendant has not demonstrated extraordinary and compelling circumstances justifying release.  His motion for compassionate release (ECF No. 140) is therefore DENIED.

IT IS SO ORDERED.

Dated: July 23, 2020
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court