UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MICHAEL WALKER,

Defendant.

Case # 04-CR-6082-FPG

DECISION AND ORDER

On December 16, 2020, Defendant Michael Walker filed a motion seeking reconsideration of the Court's decision and order dated July 23, 2020, ECF No. 146, denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 158. Initially, Defendant argued that the Coronavirus Disease 2019 ("COVID-19") pandemic justified either reducing his sentence to time served or modifying the sentence so that he could serve the remainder on home confinement. ECF No. 140. Although the Court acknowledged that Defendant may have some medical conditions that increase his risk of complications from COVID-19, the Court found that Defendant had not demonstrated a particularized risk of contracting COVID-19 because Defendant's facility (FCI Allenwood Low) was reporting no active COVID-19 cases, and therefore, he failed to demonstrate extraordinary and compelling reasons favoring release. ECF No. 146. Defendant sought reconsideration of that order on two prior occasions, but the Court denied Defendant's requests for reconsideration because FCI Allenwood Low continued to report no positive cases. ECF Nos. 148, 151.

Defendant now argues that extraordinary and compelling reasons support his release because he was faced with an escalating number of new cases at FCI Allenwood Low. ECF No. 158. Although there was an outbreak previously at FCI Allenwood Low and the other Allenwood

1

facilities, there is currently only one active COVID-19 case amongst the inmates and staff at FCI Allenwood Low. *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last visited April 5, 2021) (noting that 283 inmates and nineteen staff members have recovered from the virus, but only one inmate is currently positive).

Further, Federal Bureau of Prisons' ("BOP") data shows that FCI Allenwood is taking steps to control the spread of the virus. Over 600 COVID-19 tests have been administered to inmates at FCI Allenwood Low, and no inmates are currently waiting for test results. *Id.* Importantly, the BOP has also been administering vaccinations to both inmates and staff. As of April 5, 2021, over 110,000 doses have been administered by the BOP. At the Allenwood complex, 974 inmates and 388 staff have been fully vaccinated. *Id.* This number is likely to continue to grow. *See id.* ("As BOP is allocated additional shipments of the vaccine, it will be offered to additional locations and to additional staff and inmates at those locations.").

The Court is "mindful of the fact that conditions of confinement—sharing small cells, eating together, using same bathrooms and sinks, delays in medical evaluation and treatment, and rationed access to soap—make prisons more potentially conducive to the transmission of COVID-19 than elsewhere." *United States v. Murph*, No. 08-CR-322, 2020 WL 3256364, at *3 (E.D.N.Y. June 16, 2020). Defendant, however, has not satisfied his burden of demonstrating extraordinary and compelling circumstances given the lack of an active outbreak at FCI Allenwood Low and the BOP's ongoing efforts to inoculate the inmate population and its staff. *See United States v. Israilov*, No. 17-CR-262, 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021) ("[C]ourts have persuasively noted that conditions [at FCI Allenwood Low] do not rise to the level of extraordinary and compelling circumstances." (collecting cases)); *United States v. Davis*, No. 14-CR-296, 2021 WL

1016115, at *3 (S.D.N.Y. Mar. 17, 2021) (noting that the BOP's vaccination efforts reduce an inmate's risk of infection).

Even if the Court were to find that extraordinary and compelling reasons support Defendant's release, Defendant must also demonstrate that the Section 3553 sentencing factors weigh in his favor. 18 U.S.C. §§ 3553(a), 3582(c)(1)(A). The Court weighed those factors when it imposed Defendant's current term of imprisonment. Accordingly, the Court's task here is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429–30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of provision); *see United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order) (quoting *Ebbers* for the proposition that "a compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision"). In other words, the issue is whether the original Section 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 430–31.

The Court finds here that compassionate release would undermine the goals of his current sentence. On April 29, 2004, Defendant pleaded guilty to possessing crack cocaine with intent to distribute and possessing a firearm in furtherance of a drug trafficking crime. ECF Nos. 21–23, 85. Defendant was sentenced to a total of ninety-seven months in the custody of the BOP followed by five years of supervised release. ECF Nos. 25, 26. Following multiple violations of the conditions of his supervised release, the Court sentenced Defendant on February 12, 2018 to fifty-one months

in the custody of the BOP because he again violated the conditions of his supervised release by possessing crack cocaine. ECF Nos. 73, 74, 83, 84, 99, 100, 143.

Defendant has only a short time remaining on his sentence, ECF No. 143 (noting that his projected release date is July 19, 2021); *Find An Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 5, 2021) (noting that his projected release date is August 25, 2021), and he claims to have a robust support network to assist him upon release and a clean BOP disciplinary record, ECF Nos. 140, 158. Although those facts weigh in his favor, Defendant also has an extensive criminal history, including numerous violations of conditions of supervised release, ECF Nos. 85, 143. Given the serious nature of his supervised release violations and his initial offense, a reduction in Defendant's sentence would undermine the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to protect the public from further crimes of the defendant," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(C). Further, to the extent the Court could impose home confinement as a condition of supervised release, *see United States v. Brooks*, No. 07-CR-20047, 2020 WL 2509107, at *6 (C.D. Ill. May 15, 2020) (granting compassionate release and imposing "home confinement" as a condition of release), the Court finds that such a modification would be inadvisable given Defendant's prior supervised release violations. *See* 18 U.S.C. § 3553(a)(1) (requiring the Court to consider Defendant's history and individual characteristics).

The Court recognizes that the situation Defendant finds himself in is of serious concern: as an inmate, he has far less control over his environment and is far more reliant on correctional officials to ensure his safety during the pandemic. "A just punishment should not include an unacceptable risk of exposure to COVID-19 or any potentially lethal disease." *United States v.*

*Vence-Small*, No. 18-CR-31, 2020 WL 2214226, at *4 (D. Conn. May 7, 2020). But neither should the uncertainty engendered by the present crisis be allowed to distort or subvert a just punishment. Defendant has not demonstrated that a reduction in his sentence is appropriate. Defendant's Motion for Reconsideration, ECF No. 158, is DENIED.

    IT IS SO ORDERED.

Dated: April 5, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court